ACCEPTED
15-25-00185-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/5/2026 5:32 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/5/2026 5:32:08 PM
CHRISTOPHER A. PRINE
Clerk

Cause No. 15-25-00185-CV

## IN THE COURT OF APPEALS

## FIFTEENTH DISTRICT OF TEXAS

## AUSTIN, TEXAS

Jordan Taylor Hawkes and Brian Roby
*Appellants*,
v.
Evan Zwerneman, Individually and EZ Stay and Play, LLC
*Appellees*

On Appeal from the 483rd Judicial District Court, Hays County, Texas
the Honorable Alicia Key, Presiding Judge
Trial Court Cause No. 25-1672-DCF

## BRIEF OF APPELLEE EVAN ZWERNEMAN, INDIVIDUALLY AND EZ STAY AND PLAY, LLC

L. JAMES WOOD
Texas Bar No. 24076785
james@lineofdutylaw.com
**THE JAMES WOOD LAW FIRM, PLLC**
500 W. 2nd St, STE 1900
Austin, Texas 78701
P:     512.692.9266
F:     512.686.3152
W:     lineofdutylaw.com
CC:   natalie@lineofdutylaw.com
E-File Service Address: eservice@lineofdutylaw.com

ATTORNEY FOR APPELLEES

**ORAL ARGUMENT IS REQUESTED**

**IN THE COURT OF APPEALS**

**FIFTEENTH DISTRICT OF TEXAS**

**AUSTIN, TEXAS**

Jordan Taylor Hawkes and Brian Roby
*Appellants*,
v.
Evan Zwerneman, Individually and EZ Stay and Play, LLC
*Appellees*

On Appeal from the 483rd Judicial District Court, Hays County, Texas
the Honorable Alicia Key, Presiding Judge
Trial Court Cause No. 25-1672-DCF

**BRIEF OF APPELLEE EVAN ZWERNEMAN,
INDIVIDUALLY AND EZ STAY AND PLAY, LLC**

TO THE HONORABLE COURT OF APPEALS:

Comes now Evan Zwerneman, Individually, and EZ Stay and Play, LLC, Appellees in the above entitled and numbered case, requesting this Honorable Court to affirm the judgment of the trial court and in so doing dismiss Appellants' motion to dismiss.

The following designations will be used:

References to the record will be "CR" for the Clerk's Record and "RR" for the Reporter's Record. References to the Appendix will be "Appx." Evan Zwerneman will be referred to individually as "Zwerneman". Evan Zwerneman and EZ Stay and Play, LLC will be referred to as "Appellees." Jordan Taylor Hawkes and Brian Roby will be referred to collectively as "Appellants". Jordan Taylor Hawkes will be referred to individually as "Hawkes." Brian Roby will be referred to individually as "Roby."

# TABLE OF CONTENTS

IDENTITY OF PARTIES, COUNSEL AND TRIAL JUDGE PRESIDING................4

INDEX OF AUTHORITIES.................................................................................5

STATEMENT OF THE CASE.............................................................................7

STATEMENT OF FACTS..................................................................................8

SUMMARY OF THE ARGUMENT................................................................ 11

STANDARDS OF REVIEW.............................................................................12

ARGUMENTS AND AUTHORITIES .............................................................12

     ISSUE ONE:

          a. The trial court did not improperly deny Appellants' motion to dismiss as Appellants failed to meet the burden of proof required by § 27.005(b).

          b. Even if Appellants had met their own burden of proof under TRCP § 27.005(b), Appellees have also met their burden of proof TRCP § 27.005(c) in showing clear and specific evidence establishing a prima facie case for each essential element of their claims.

          c. Appellants' statements regarding animal cruelty are immaterial to this suit, as their unlawful actions are the basis for Appellees' causes of action against them. Appellants' fraudulent assumption of Appellees' identities precludes a TCPA claim, per TRCP § 27.010(a)(12).

     ISSUE TWO:

          a. The trial court did not improperly deny Appellants' motion to dismiss Appellees' other tort claims arising out of the same actions by Appellants.

CONCLUSION AND PRAYER.........................................................................30

CERTIFICATE OF COMPLIANCE.................................................................31

CERTIFICATE OF SERVICE .........................................................................32

APPENDIX.......................................................................................................33

# IDENTITY OF PARTIES, COUNSEL, AND TRIAL JUDGE PRESIDING

James Wood
500 W. 2d Street Suite 1900
Austin, Texas 78701
Telephone: (512) 692-9266
Email: james@lineofduty.com                    Appellees' Counsel

Evan Zwerneman and EZ Stay and Play, LLC        Appellees

Randall E. Turner
2816 Hemphill Street
Fort Worth, Texas 76110-3214
Telephone: (817) 420-9690
Fax: (817) 887-5717
Email: randy@randyturner.com
Texas State Bar No. 20328310                    Appellants' Lead Counsel

Tiffany Crouch Bartlett
1000 Heritage Center Circle
Round Rock, Texas 78664
Telephone: (512) 965-2449
Email: tiffany@crouchbartlettlaw.com
Texas State Bar No. SBN 24042601                Appellants' Additional Counsel

Susan Bleil
5012 Birch Hollow Lane
Fort Worth, Texas 76132
Telephone: (817) 680-0228
Email: bleil@charter.net
Texas State Bar No. 14056720                    Appellants' Additional Counsel

Jordan Taylor Hawkes and Brian Roby             Appellants

Honorable Alicia Key
Presiding Judge
483rd Judicial District Court
Hays County, Texas                              Trial Court

# INDEX OF AUTHORITIES

**Cases**

*Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.--Austin 1997, writ denied)...…………………………………………………………………………25

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex.App.-Houston [1st Dist.] 2013, pet. denied)................................18

*Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017)…………………………………………………………………………..26

*Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).............27

*Darnell v. Rogers*, 588 S.W.3d 295, 300 (Tex. App.—El Paso 2019, no pet.)………15

*Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 170 (Tex 2003)…..............21

*Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)…………………………………………………………………………....7

*Hancock v. Variyam*, 400 SW 3d 59 - Tex: Supreme Court 2013…………....................22

*Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)…………...23

*Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995)………………………..25

*In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex.2004)................17, 18

*In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015)……………………………….....20, 21, 22

*In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015) *("Lipsky II")*................................18, 19

*Innovative Block of South Texas, Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 418 (Tex. 2020)..................................................................................................21

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)………………………………………………………………….22

*Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex.2008)……………………………….........18

*KTRK Television, Inc. v. Robinson*, 409 SW 3d 682 – Tex: Court of Appeals 2013.......20

*Moore v. Bushman*, 559 S.W.3d 645, 651 (Tex. App.—Houston [14th Dist.] 2018, no pet.)..................................................................................................................26

*Moore v. Waldrop*, 166 SW 3d 380 – Tex: Court of Appeals, 10th Dist. 2005.........20

*Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 982, (S.D. Tex. 1997).......25

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80 (Tex. App.-Houston [1st Dist.] 2013, pet. denied)...............................................17

*Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex. 2000)…………………………………………………………………….26

*Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex.App.-Houston [14th Dist.] 2013, pet. denied).................................................................................18

*Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475-76 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)...............................................27

*Serafine v. Blunt*, 466 SW 3d 352, 358 - Tex: Court of Appeals, 3rd Dist. 2015............18

*Teachers Federal Credit Union v. Esquivel*, 621 S.W.3d 786, 792 (Tex. App.–El Paso 2021, no pet.) .................................................................................12, 14

*Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App.--El Paso 1993, no writ)......................................................................................................25

**Constitutions, Statutes, Rules and Other Authorities**

Texas Citizens Participation Act, (TCPA). Act of June 17, 2011, 82d Leg., R.S., ch. 341, §§ 1-2, 2011 Tex. Sess. Law Serv. 960, 960-963..........12, 18, 19, 22, 27, 29

TEX. CIV. PRAC. & REM. CODE § 27.002(b)........................................................13

TEX. CIV. PRAC. & REM. CODE § 27.005(b)...............................................13, 16, 17

TEX. CIV. PRAC. & REM. CODE § 27.005(c)...................................................17, 29

TEX. CIV. PRAC. & REM. CODE § 27.006(a).................................................13, 14, 29

TEX. CIV. PRAC. & REM. CODE § 27.010(a)(12)...............................................27, 28

TEX. CIV. PRAC. & REM. CODE § 73.001.......................................................19, 20

# STATEMENT OF THE CASE

Nature of the Case:

Appellants, Jordan Taylor Hawkes and Brian Roby, have a fundamental misunderstanding of this case. While the defamatory states made on social media were libelous, Appellants fraud and identity theft are the *cause*, and the nature of this case is fundamentally business disparagement, tortious interference with existing and prospective contracts, and intentional infliction of emotional distress stemming from Appellants' unlawful actions.

Course of Proceeding:

Appellants filed a motion to dismiss under the Texas Citizens Participation Act which the trial court denied. [CR 308] Appellants then filed their interlocutory appeal. [CR 310]. Appellees now file this responsive brief.

Disposition of the Case:

The trial court denied Appellants' motion to dismiss under the Texas Citizens Participation Act. [CR 308]

**STATEMENT OF FACTS**

**Introduction**

On or about August 20, 2024, a dog ("Kali") owned by the Appellants passed away while being boarded by Appellees. Appellant Hawkes reported the animal cruelty to the Hays County Sheriff's department which began a criminal investigation; said found no animal cruelty on the part of Appellees [CR 84]. Hawkes then gave an interview to KXAN, who was doing a news story about a new animal cruelty bill, which was published on May 29, 2025. Around that same time, Hawkes posted defamatory and libelous statements on websites Reddit.com and Facebook.com, in addition to a website and Google Business listing she created with the purpose of impersonating Appellees. Appellees filed suit against Appellants, alleging: Libel and Libel *per se*, Business Disparagement, Fraud, Intentional Infliction of Emotional Distress, Theft of Identity Cyber Property, Tortious Interference with an Existing Contract, and Tortious Interference with Prospective Contracts.

**Factual Background**

On or about August 20, 2024, Appellants made use of Appellees' business services of dog boarding while out of town. The dog they boarded, "Kali," was approximately 13 years old, was known to having pre-existing severe car anxiety, and was known to require multiple medications—including gabapentin and fluoxetine hydrochloride—which are both known to be used in dogs to relieve fear and anxiety

during stressful events. While being boarded, the dog passed away; overheating was determined to be one cause of death, but an animal necropsy is not known to have been performed, and no tests are known to have been used to determine whether the heat alone was the cause of the dog's death, or if one of its multiple preexisting conditions (or simply age) contributed or caused the death of the Appellants' dog. Nevertheless, Appellants took a position that Appellees "killed" their dog and began an endless barrage of illegal and fraudulent defamatory tactics against Zwerneman and his business (herein named Appellee EZ Stay and Play, LLC).

Hawkes began with an interview with KXAN, published on May 29, 2025. Around that same time, Hawkes posted a thread on Reddit.com titled "Doggie Daycare Killed my Dog," linking to the article by KXAN. May 31, 2025, Hawkes also posted a nearly identical defamatory and libelous statement, this time on Facebook.com, also linking to the KXAN article. On June 1, 2025, when Zwerneman received a voicemail calling him a "murderer," he ran a Google search on himself and his business. At that time, Zwerneman discovered a fraudulent and impersonating copy of his business website, created by Appellants. Rather than the Appellees' genuine business website "ezdogplayandstay.com", Appellants had created "ezdogplaynstay.com". The caption on the website read, "KILLING YOUR DOG SO YOU DON'T HAVE TO." On their website, Appellants proclaim, "We notified the Hays County Animal Abuse department

who investigated and interviewed all parties." Said investigation led to no findings or charges against Appellees.

On June 3, 2025, Zwerneman became aware that Appelles had not only created a fraudulent website in his LLC's name, but they had also stolen his identity and fraudulently assumed control of his Google business page for EZ Dog Stay and Play. Google identified to Zwerneman that the person who had assumed control of his Google business page was registered to an e-mail of "jo…@gmail.com." This matches a verified email address for Jordan Hawkes. Not only had Appellees stolen his business identity online and claimed his Google business profile as their own, they also changed the photo of his business to a photo of their deceased dog. Zwerneman was then informed by Google, about his own business, that "This business already has a profile on Google. You can request access to become a manager." The fraudulent website and business listing were clearly created with the express intention of misleading and confusing the public by impersonating Appellants' business.

Appellees' extreme focus on the events of August 20, 2024 in their own brief's factual background is wholly inappropriate and off-topic. They describe extensively the death of their dog, as well as another unrelated animal that was also in possession of Appellant's business. They cite veterinary records that are suspected of falsification or tampering, with no affidavit to prove them up. They use hearsay in quoting a veterinary technician who is never identified in any pleading, and who has not been

deposed. They use statements made by anonymous users on the Reddit post made by Hawkes, offering these unsubstantiated and anonymous allegations as fact. They insist that Zwerneman, himself, commented on these posts and fraudulently misrepresented what happened, without showing any of the supposed comments that he made. Appellants are focusing on "animal cruelty" that never happened—a fact substantiated by the Hay's County Sheriff's department when they cleared Zwerneman and his business of any wrong-doing.

This is not an animal rights case. The merits of this case revolve around long standing business protection causes of action. No cause of action in this case involves animal cruelty, yet, animal cruelty is the Appellants' focus, both in their previously denied motion to dismiss, and in this appeal. As in their original motion to dismiss, Appellants continue to offer nothing but hearsay, unsubstantiated allegations, and blatantly falsified records which are wholly missing affidavits to prove up their authenticity.

## SUMMARY OF THE ARGUMENT

The trial court properly denied Appellants' motion to dismiss Under the Texas Citizens Participation Act (improperly stated as "Appellants' motion to dismiss as to defamation" in Appellants' brief) because the Appellants failed to meet the burden of proof for dismissal as ascribed by the Texas Citizens Participation Act and because

Appellants' actions are not protected by the Texas Citizens Participation Act or Anti-SLAPP laws in this case.

Likewise, the trial court properly denied Appellants' motion to dismiss as to business disparagement, intentional infliction of emotional distress, fraud, tortious interference with past and future contracts, and identity theft, as these torts were *not* related to Appellants' First Amendment right to free speech, but rather their unlawful actions in impersonating and disparaging Appellee's business, and Appellee, himself. The trial court, by denying Appellants' motion to dismiss under the Texas Citizens Participation Act, implicitly allows that the "tag-along torts" (as Appellants describe them) are valid causes of action that merit adjudication.

## STANDARDS OF REVIEW

Appellees agree with Appellants, in that a trial court's ruling on a motion to dismiss under the TCPA is reviewed by this Court de novo, as is the court's determination on the statutory interpretation of the TCPA. *Teachers Federal Credit Union v. Esquivel*, 621 S.W.3d 786, 792 (Tex. App.–El Paso 2021, no pet.). As in *Esquivel*, the parties disagree about the applicability of the Act to this lawsuit, which necessitates this review of the case.

## ARGUMENTS AND AUTHORITIES

Appellants foundationally cite the Texas Citizens Participation Act—codified in TRCP § 27—as the governing authority on this matter in their brief. The purpose of

TRCP § 27 is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury," (TRCP § 27.002.) As the Appellants' original Motion specifically concerns itself with the perceived "retaliation" of the Appellees against the Appellants (rather than the truth of this suit—the Appellees seeking civil remedies against Appellants who have materially harmed them), this chapter is specifically relevant to Appellants' reason for contesting the decision of the lower court. This brief will concern itself with the standards of review and burdens of proof imposed by TRCP § 27, both on movants and non-movants.

## ISSUE ONE:

**a. The trial court did not improperly deny Appellants' motion to dismiss as Appellants failed to meet the burden of proof required by § 27.005(b).**

Per TRCP § 27.005 (b), the Appellants, as movants, were required to show the trial court by a preponderance of the evidence that the claim was "based on or is in response to" their exercise of the right of free speech, the right to petition, or the right of association. The Appellants have failed to do this first and most basic step, rendering any other subsequent argument or claim moot as a matter of law.

TRCP § 27.006 states:

```
    PROOF.  (a)  In determining whether a legal action
is subject to or should be dismissed under this chapter,
```

```
the court shall consider the pleadings, evidence a court
could consider under Rule 166a, Texas Rules of Civil
Procedure, and supporting and opposing affidavits stating
the facts on which the liability or defense is based.
     (b)  On a motion by a party or on the court's own
motion and on a showing of good cause, the court may allow
specified and limited discovery relevant to the motion.
```

(Emphasis added)

The Appellants' original Motion failed to provide any kind of proof demanded by TRCP 27; they offered nothing but hearsay, unsubstantiated allegations, and blatantly falsified records which are wholly missing affidavits to prove up their authenticity. The standard of review for the Texas Citizens Participation Act was described in *Teachers Federal Credit Union v. Esquivel*: "in deciding the applicability of the Act and, if necessary, whether the nonmovant has met its burden of producing clear and specific evidence of each essential element of its claim, a court is required to look to **the pleadings and all affidavits, both supportive and opposing**, which state the facts supporting the liability or defense at issue. TEX.CIV.PRAC. & REM.CODE ANN. § 27.006(a)," *Teachers Federal Credit Union v. Esquivel*, 621 S.W.3d 786, 792 (Tex. App.–El Paso 2021, no pet.)(emphasis added).

In the Appellants' original motion to dismiss, they offered into record:

- Exhibit 1: Clinical Summary from Central Texas Veterinary Specialty & Emergency Hospital for animal "Kali."

- Exhibit 2: Clinical Summary from Central Texas Veterinary Specialty & Emergency Hospital for animal "Esmee."

- Exhibit 3: Plaintiffs' First Amended Petition, including Affidavit of Evan Zwerneman in Support of the Plaintiffs' Claims.

Exhibits 1 and 2, crucially, are not proven up in any way. They offer no supporting or corroborating affidavits, they do not provide context as to the original creation of the documents and/or subsequent alterations or edits, and Exhibit 2 is completely unrelated to the matter at hand, being a document related to an animal that was not owned by the Appellants.

The Appellees' original response in opposition to dismissal offered into record:

- Exhibit A: Affidavit of Factual Rebuttal by Evan Zwerneman.

The Appellants have not demonstrated, by any measure, that the Appellees filed suit against them with the purpose of infringing upon their protected First Amendment right to free speech. "The court first examines whether the defendant invoked the [Act] by showing, **by a preponderance of the evidence**, that the plaintiff's claim `is based on, relates to, or is in response to the [Defendant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association.'" (*Darnell v. Rogers*, 588 S.W.3d 295, 300 (Tex. App.—El Paso 2019, no pet.) (*citing Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)); *Youngkin v. Hines*, 546 S.W.3d 675, 680

(Tex. 2018); TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b)).) (emphasis added). The Appellants have failed to show, by a preponderance of evidence, that the Appellees' suit was based on or relating to their exercise of their First Amendment rights.

The lower court ruled against the Appellants' motion for a reason: Zwerneman and EZ Dog Stay and Play did not file suit against the Appellants because of Facebook posts or Reddit comments, they filed suit because the Appellants stole their Google Business listing and created a fraudulent website made with the purpose of misleading the public. After suit was filed, Appellants removed from the fraudulent website the incendiary phrase "KILLING YOUR DOG SO YOU DON'T HAVE TO," but left the rest of the website up in its native form, which falsely accused Zwerneman and his business of a whole host of wrong-doings—the fraudulent website's web URL was "ezdogstaynplay.com" (with the actual website for EZ Dog Stay and Play being located at "ezdogstayandplay.com"). In addition to creating the website, Hawkes also set up a Google Business Profile for the clearly imitation "EZ Dog Stay and Play." When Zwerneman contacted Google regarding the fraudulent account, Google responded saying the account was managed by "jo…@gmail.com." A background search confirmed that this corresponds to an email Hawkes uses, and Counsel for Hawkes verified the removal of the Google Business listing and fraudulent website on November 9, 2025—54 days after the original hearing on their motion and 27 days after their motion was denied by the lower court. This further shows that both the

fraudulent website and the stolen Google Business listing were in the possession, custody, and control of the Appellants.

It is demonstrably true that the Appellants owned and operated both the fraudulent website and the Google Business listing that they stole from Zwerneman; they later deleted the website and relinquished control of the business listing. Appellees have made no mention of the removal of the incendiary Facebook and Reddit posts, nor have they demanded a retraction of the interview given to KXAN. Appellees are not and have not been concerned about silencing the Appellants, they are concerned with the actual, material harm the Appellants' interference with their business has caused.

**b. Even if Appellants had met their own burden of proof under TRCP § 27.005(b), Appellees have also met their burden of proof TRCP § 27.005(c) in showing clear and specific evidence establishing a prima facie case for each essential element of their claims.**

For the sake of argument, *had* the Appellants succeeded in meeting the burden of proof ascribed by TRCP § 27.005(b), then the second step shifts the burden to the Appellees to "establish[] **by clear and specific evidence a prima facie case** for each essential element of the claim in question." TRCP § 27.005(c).

A prima facie standard generally "requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex.2004) (orig. proceeding) (internal quotation marks and citation omitted); *see, e.g., Newspaper Holdings, Inc. v.*

*Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80 (Tex. App.-Houston [1st Dist.] 2013, pet. denied) (applying standard in Chapter 27 case and explaining that Legislature's use of "prima facie case" implies imposition of minimal factual burden). "Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *See Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex.App.-Houston [14th Dist.] 2013, pet. denied) (citation omitted); *cf. Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex.2008) (per curiam) (explaining that summary-judgment movant's presentation of prima facie evidence of deed's validity established his right to summary judgment unless nonmovants presented evidence raising fact issue related to validity). "Conclusory statements are not probative and accordingly will not suffice to establish a prima facie case." *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex.App.-Houston [1st Dist.] 2013, pet. denied) (citing *In re E.I. DuPont*, 136 S.W.3d at 223-34); *see also Lipsky II*, 460 S.W.3d at 592 (explaining that "bare, baseless opinions" are not "a sufficient substitute for the clear and specific evidence required to establish a prima facie case" under the Act) *Serafine v. Blunt*, 466 SW 3d 352, 358 - Tex: Court of Appeals, 3rd Dist. 2015. Further, "a plaintiff must provide enough detail to show the factual basis for its claim. In a defamation case that implicates the TCPA, pleadings and evidence that establishes the

facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss," *Lipsky II* at 591. Appellees have offered proof in all live pleadings for the duration of this case that Appellants took control of the online identities of EZ Dog Stay and Play, that the theft of these online identities was done with the purpose of misleading and defrauding the public, and that the theft was carried out with malicious intention.

The Appellees have shown clear and specific evidence of every claim asserted by them, both in their original and first amended petitions, as well as in their response in opposition to Appellants' motion to dismiss. The evidence they offered was factual, and proven up by affidavits.

The claims asserted by the Appellees are:

1. Libel and Libel *per se*;

2. Business Disparagement;

3. Fraud;

4. Intention Infliction of Emotional Distress;

5. Theft of Identity and Cyber Property;

6. Tortious Interference with Existing Contracts; and

7. Tortious Interference with Prospective Contracts.

The elements of libel, as defined by TRCP § 73.001 are:

```
     A libel is a defamation expressed in written or other
graphic form that tends to blacken the memory of the dead
or that tends to injure a living person's reputation and
thereby expose the person to public hatred, contempt or
ridicule, or financial injury or to impeach any person's
honesty, integrity, virtue, or reputation or to publish the
natural defects of anyone and thereby expose the person to
public hatred, ridicule, or financial injury.

  Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.
```

(emphasis added).

To be classified as 'defamation *per se*', a statement's defamatory nature must

be apparent on its face—without reference to outside facts or "innuendo*." KTRK*

*Television, Inc. v. Robinson*, 409 SW 3d 682 – Tex: Court of Appeals 2013. See also

*Moore v. Waldrop*, 166 SW 3d 380 – Tex: Court of Appeals, 10th Dist. 2005. The libel

made the basis of this suit clearly fits the categorization of not only reckless publication,

but extends to libel and slander *per se*. Examples of statements that are defamatory *per*

*se* include those accusing someone of a crime or those that tend to injure a person in

his office, profession, or occupation. *In re Lipsky*, 460 S.W.3d at 596. In this lawsuit,

Appellants' impersonation of Appellees via their fraudulent and misleading website and

theft of his Google Business in no way served their rights to free publication or free

speech. Fraudulently impersonating to be the owner of Appellants' business is illegal,

and does not serve the Appellees' rights to association, free speech, or petition.

Appellants' business disparagement claim is similar to their defamation claim.

However, the two torts differ in that a defamation claim serves to protect the personal

reputation of an injured party, while a business disparagement claim protects economic interests. *Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 170 (Tex 2003); *Innovative Block of South Texas, Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 418 (Tex. 2020). The torts are not mutually exclusive in that a plaintiff may have a claim for defamation, or for business disparagement, or both. *In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015). To prevail on a business disparagement claim, a plaintiff must establish the following elements: 1) the defendant published false and disparaging information about it, 2) with malice, 3) without privilege, 4) that resulted in special damages to the plaintiff. *Id.* A business disparagement defendant may be held liable "only if he knew of the falsity or acted with reckless disregard concerning it, or if he acted with ill will or intended to interfere in the economic interest of the plaintiff in an unprivileged fashion." *Forbes* at 170 (citing *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987). Appellees in this case 1.) published false and disparaging information about Appellants' business in stating "KILLING YOUR DOG SO YOU DON'T HAVE TO" using a website created with the purpose of impersonating Appellees' business; 2.) Clearly, the Appellants were acting with malice toward Appellees; 3.) Appellants have absolutely no privilege with Appellees' business; and 4.) have caused economic damage to Appellees' business. Remarks that adversely reflect on a person's fitness to conduct his or her business or trade are also deemed defamatory *per se*. And whether a statement qualifies as defamation per se is generally

21

a question of law. *Lipsky,* at 596, citing *Hancock v. Variyam*, 400 SW 3d 59 - Tex: Supreme Court 2013. To qualify as defamation per se under this category the disparaging words must affect the plaintiff in some manner that is peculiarly harmful to the plaintiff's trade, business, or profession and not merely upon the plaintiff's general characteristics. *Id*. The Appellants posing as Zwerneman with the purpose of portraying him as unfit in his role as an animal caregiver clearly affects his business— up to and including total strangers calling him, texting him, and sending letters to his address that accuse him of murder and saying that he should be ashamed; screen shots of several of these messages appear in Plaintiffs' First Amended Petition.  Pleading and proof of particular damage is not required to prevail on a claim of defamation *per se*, and thus actual damage is not an essential element of the claim to which the TCPA's burden of clear and specific evidence might apply. *Id*. Though not required, Zwerneman has a bevy of proof of his actual damages.

In regard to Appellees' fraud claim; there are six elements required to prove a fraud claim: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance upon the representation;  and (6) the party suffered damages. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex.

2011). Here, Appellees acted with a clear intent to commit fraud in pretending to be the Appellants online. Appellees created a false website copying an active Texas limited liability company recognized by the Texas Secretary of State. This was a large material misrepresentation to the public, and certifiably false. Appellees know they are not the Appellants, and they know they do not own EZ Play and Stay, LLC or its online business profiles. This fraud was committed with the intention to defraud the public into forming ill will and causing economic damage to the Appellants. Said fraud also led to the Appellants suffering economic damages and business losses which have been described in the pleadings of this matter, including, but not limited to the proven loss of previously engaged clients and the cancellation of media appearances for the Appellees, based solely on the fraudulent misrepresentations of the Appellants.

Appellants' intentional infliction of emotional distress claims is absolutely proven up, both by the unambiguous and audacious actions of the Appellants, and by the resulting harm and damages to the Appellees. The intentional infliction of emotional distress is a tort applicable only when "a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The elements of the tort are: 1.) the defendant acted intentionally or recklessly; 2.) the defendant's conduct was extreme and outrageous; 3.) the conduct caused the plaintiff emotional distress; and 4.) the emotional distress was severe. *Id.* "Extreme

and outrageous" conduct means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id* at 445*, Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). Here, the Appellants' actions are so unusual and absurd that this reaches far beyond Texas civil laws and into the Penal Code. Any other sane individual with a grudge against a business would have left a bad Google review. Someone who is even angrier may exercise their right to free speech by giving interviews to news outlets—as the Appellees did in this case, and a matter that the Appellants concede *is* protected speech. But to create a deliberately misleading website impersonating said business *and* to outright steal that business' online identity via their Google Business listing in the pursuit of material harm against said business is such a preposterous and malicious overreaction that it boggles the mind. All of Appellants' actions were taken with malice toward the Appellees and expressed publicly with the clear intent to cause emotional and economic damages to Zwerneman.

Said actions bring us to the Appellants' claims of theft of identity and cyber property. There are four elements to a claim for theft: (1) Plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) Defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) Plaintiff made a demand for the property; (4) Defendant refused to return the

24

property. *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.--Austin 1997, writ denied); *see also Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App.--El Paso 1993, no writ). Conversion of intangible property is limited to cases "where the underlying intangible right has been merged into a document." *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 982, (S.D. Tex. 1997). The limitations period for a claim of conversion is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Zwerneman is the sole owner of his identity and the sole owner of EZ Stay and Play, LLC. Appellants 1.) stole Appellees' identity online by creating a fraudulent website in Appellees' name, and 2.) exercised control over Appellees' identity and online profiles with blatant disregard for Appellees' rightful ownership. Zwerneman presented Appellants with a cease and desist letter on these very topics, and Appellants confirmed their receipt of the notice on June 3, 2025. Nevertheless, Appellants continued to perpetuate their theft of Appellees' identity and online business pages, up until November 9, 2025, 159 days *after* Appellant Hawkes confirmed receipt of Appellees' cease and desist letter.

The unlawful actions undertaken by the Appellees directly and materially led to the tortious interference with existing contracts held by the Appellants. A party to a contract has a cause of action against any third party for tortious interference of a contract where that third party wrongly induces another contracting party to breach the contract. *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995). The elements of

25

tortious interference with an existing contract are: 1.) an existing contract subject to interference; 2.) a willful and intentional act of interference with the contract; 3.) that proximately caused the plaintiff's injury; and 4.) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex. 2000); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017). Actionable interference with a contract includes any act which retards, makes more difficult, or prevents performance. *Moore v. Bushman*, 559 S.W.3d 645, 651 (Tex. App.—Houston [14th Dist.] 2018, no pet.). To prevail on this claim, a plaintiff must present evidence that the defendant interfered with a specific contract. *Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Here, Appellees received cancellations of bookings (contracts) from existing clients due to false information intentionally distributed by Appellants.

Moreover, these unlawful actions also constitute tortious interference with prospective contracts. To prevail on a claim for tortious interference with prospective business relations, the plaintiff must establish: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the

plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). A plaintiff does need to prove that the contract would have certainly been made but-for the alleged interference, but there must be evidence that it was reasonably probable that the prospective contract or business relationship would have resulted but-for the alleged interference, considering all of the facts and circumstances surrounding that transaction. *Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475-76 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). As it pertains to this matter, Appellees *do* have proof of canceled contracts—a podcast appearance with media vendor American Operator was canceled on October 29, 2025, and the cancellation email directly cited links and search results on Google that could potentially distract from the story. This is unambiguous and clear interference with potential contracts. In fact, on the fraudulent website created by Appellants, they state: "I implore any current or potential client to seek dog care elsewhere" demonstrating a clear intent to disrupt prospective contracts. Existing customers and even random strangers contacted Appellees informing them that they had heard of or seen the Appellants statements.

**c. Appellants' statements regarding animal cruelty are immaterial to this suit, as their unlawful actions are the basis for Appellees' causes of action against them. Appellants' fraudulent assumption of Appellees' identities preclude a TCPA claim, per TRCP § 27.010(a)(12).**

Even though they have already been proven false, the Appellants' spurious accusations and maliciously circulated negative opinions *may* have constituted

protected speech, had they confined these accusations and opinions to social media sites and news interviews; this is not the case here. Instead, Appellants resorted to identity and cyber theft to mislead and defraud the public. TRCP § 27.010(a)(12) states:

```
       EXEMPTIONS.   (a)   This chapter does not apply to:
   (12) a legal action based on a common law fraud claim;
```

Appellees have plead and proven that (1) a material representation was made (Appellees creating a fraudulent and misleading website with the intention of impersonating Zwerneman's business, and taking control of EZ Dog Stay and Play's Google Business listing); (2) the representation was false (Appellees knew that they were not Zwerneman and did not have legal ownership of his business); (3) Appellees knew the representation was false and made it recklessly without any knowledge of the truth and as a positive assertion (there was no animal necropsy performed to verify their allegations, and the criminal investigation into Zwerneman and his business found no signs of animal abuse); (4) the representation was made with the intention that it be acted upon by another party (Appellees stated on the fraudulent website: "I implore any current or potential client to seek dog care elsewhere"); (5) other parties acted in reliance upon the representation (Zwerneman had existing contracts terminated and potential contracts canceled, explicitly because of the Appellants' misrepresentations); and (6) damages were suffered.

Not only is a TCPA dismissal inappropriate because the Appellants failed to meet to burden of proof demanded by TRCP § 27, but because the statute explicitly exempts legal actions based on fraud claims.

**ISSUE TWO:**

**a. The trial court did not improperly deny Appellants' motion to dismiss Appellees' other tort claims arising out of the same actions by Appellants.**

The standard of review for a TCPA dismissal is clear. The Appellants, as movants, were required to show the trial court by a preponderance of the evidence that the claim was "based on or is in response to" their exercise of the right of free speech, the right to petition, or the right of association. The evidence that the Court may review includes "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TRCP § 27.006. Appellants have not offered into record sufficient evidence to satisfy the burden imposed by TRCP § 27.006. Even if they had met their burden, Appellees have offered into record "clear and specific evidence" to establish "a prima facie case for each essential element of the claim in question." TRCP § 27.005(c). And, failing all else, Appellants TCPA claim is precluded by the fact that Appellees legal action was based on a common law fraud claim. As Appellants have failed to meet the burden demanded by the TCPA for dismissal, Appellees claims, in their entirety, merit adjudication by the Court.

## CONCLUSION AND PRAYER

For all of the above reasons, Appellants respectfully request that this Court affirm the judgment of the trial court. Appellees request such other and further relief as to which they may be entitled.

Respectfully submitted,

*James Wood*

By: _____

L. JAMES WOOD
Texas Bar No. 24076785
james@lineofdutylaw.com

**THE JAMES WOOD LAW FIRM, PLLC**
500 W. 2nd St, STE 1900
Austin, Texas 78701
P:      512.692.9266
F:      512.686.3152
W:    lineofdutylaw.com
CC:   natalie@lineofdutylaw.com
       nicole@lineofdutylaw.com

E-File Service Address: eservice@lineofdutylaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF COMPLIANCE

This document complies with the word count limitations of Texas Rules of Appellate Procedure 9.4(I) because it contains 5,485 words, excluding the parts exempted by Texas Rules of Appellate Procedure 9.4(i)(I).

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Brief of Appellee Evan Zwerneman Individually And EZ Stay And Play, LLC** has been served on all parties in accordance with the Texas Rules of Civil Procedure this 5th day of January, 2026 as follows:

**Via Texas E-filing to Randy@randyturner.com**
**Law Offices of Randall E. Turner, PLLC**
**ATTN: Randy Turner**
**2816 Hemphill Street**
**Fort Worth, Texas 76110**

**and**

**Tiffany Crouch Bartlett**
**1000 Heritage Center Circle**
**Round Rock, Texas 78664**
**Telephone: (512) 965-2449**
**Email: tiffany@crouchbartlettlaw.com**
**Texas State Bar No. SBN 24042601**

**and**

**Susan Bleil**
**5012 Birch Hollow Lane**
**Fort Worth, Texas 76132**
**Telephone: (817) 680-0228**
**Email: bleil@charter.net**
**Texas State Bar No. 14056720**

_James Wood_

_____

L. James Wood

## APPENDIX

1. Civil Practice and Remedies Code Chapter 27

2. Civil Practice and Remedies Code Chapter 73

CIVIL PRACTICE AND REMEDIES CODE

TITLE 2. TRIAL, JUDGMENT, AND APPEAL

SUBTITLE B. TRIAL MATTERS

CHAPTER 27. ACTIONS INVOLVING THE EXERCISE OF CERTAIN

CONSTITUTIONAL RIGHTS

Sec. 27.001. DEFINITIONS. In this chapter:

(1) "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

(2) "Exercise of the right of association" means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern.

(3) "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

(4) "Exercise of the right to petition" means any of the following:

(A) a communication in or pertaining to:

(i) a judicial proceeding;

(ii) an official proceeding, other than a judicial proceeding, to administer the law;

(iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;

(iv) a legislative proceeding, including a proceeding of a legislative committee;

(v) a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

(vi) a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;

(vii) a proceeding of the governing body of any political subdivision of this state;

(viii) a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v),

(vi), or (vii); or

(ix)  a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

(B)  a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(C)  a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D)  a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E)  any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

(5)  "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government.

(6)  "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief.  The term does not include:

(A)  a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief;

(B)  alternative dispute resolution proceedings; or

(C)  post-judgment enforcement actions.

(7)  "Matter of public concern" means a statement or activity regarding:

2

(A)  a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

(B)  a matter of political, social, or other interest to the community; or

(C)  a subject of concern to the public.

(8)  "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(9)  "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

(A)  an officer, employee, or agent of government;

(B)  a juror;

(C)  an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

(D)  an attorney or notary public when participating in the performance of a governmental function; or

(E)  a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 1, eff. September 1, 2019.


Sec. 27.002.  PURPOSE.  The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Sec. 27.003.  MOTION TO DISMISS.  (a)  If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action.  A party under this section does not include a government entity, agency, or an official or employee acting in an official capacity.

(b)  A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action.  The parties, upon mutual agreement, may extend the time to file a motion under this section or the court may extend the time to file a motion under this section on a showing of good cause.

(c)  Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.

(d)  The moving party shall provide written notice of the date and time of the hearing under Section 27.004 not later than 21 days before the date of the hearing unless otherwise provided by agreement of the parties or an order of the court.

(e)  A party responding to the motion to dismiss shall file the response, if any, not later than seven days before the date of the hearing on the motion to dismiss unless otherwise provided by an agreement of the parties or an order of the court.
Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.
Amended by:
Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 2, eff. September 1, 2019.


Sec. 27.004.  HEARING.  (a)  A hearing on a motion under Section 27.003 must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur

4

more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(b) In the event that the court cannot hold a hearing in the time required by Subsection (a), the court may take judicial notice that the court's docket conditions required a hearing at a later date, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(c) If the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 1, eff. June 14, 2013.


Sec. 27.005. RULING. (a) The court must rule on a motion under Section 27.003 not later than the 30th day following the date the hearing on the motion concludes.

(b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party demonstrates that the legal action is based on or is in response to:

(1) the party's exercise of:

(A) the right of free speech;

(B) the right to petition; or

(C) the right of association; or

(2) the act of a party described by Section 27.010(b).

(c) The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

(d) Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on

which the moving party is entitled to judgment as a matter of law.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 2, eff. June 14, 2013.

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 3, eff. September 1, 2019.


Sec. 27.006.  PROOF.  (a)  In determining whether a legal action is subject to or should be dismissed under this chapter, the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based.

(b)  On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 4, eff. September 1, 2019.

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 5, eff. September 1, 2019.


Sec. 27.007.  ADDITIONAL FINDINGS. (a)  If the court awards sanctions under Section 27.009(b), the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

(b)  The court must issue findings under Subsection (a) not later than the 30th day after the date a request under that subsection is made.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 6, eff. September 1, 2019.


Sec. 27.0075.  EFFECT OF RULING.  Neither the court's ruling on the motion nor the fact that it made such a ruling shall be admissible in evidence at any later stage of the case, and no burden of proof or degree of proof otherwise applicable shall be affected by the ruling.

Added by Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 7, eff. September 1, 2019.


Sec. 27.008.  APPEAL.  (a)  If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b)  An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

(c)  Repealed by Acts 2013, 83rd Leg., R.S., Ch. 1042, Sec. 5, eff. June 14, 2013.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 5, eff. June 14, 2013.


Sec. 27.009.  DAMAGES AND COSTS. (a)  Except as provided by Subsection (c), if the court orders dismissal of a legal action under this chapter, the court:

(1)  shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action; and

(2)  may award to the moving party sanctions against the party who brought the legal action as the court determines

sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b)  If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

(c)  If the court orders dismissal of a compulsory counterclaim under this chapter, the court may award to the moving party reasonable attorney's fees incurred in defending against the counterclaim if the court finds that the counterclaim is frivolous or solely intended for delay.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 8, eff. September 1, 2019.


Sec. 27.010.  EXEMPTIONS.  (a)  This chapter does not apply to:

(1)  an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney;

(2)  a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer;

(3)  a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action;

(4)  a legal action brought under the Insurance Code or arising out of an insurance contract;

(5)  a legal action arising from an officer-director, employee-employer, or independent contractor relationship that:

(A)  seeks recovery for misappropriation of trade

8

secrets or corporate opportunities; or

(B)　seeks　to　enforce　a　non-disparagement agreement or a covenant not to compete;

(6)　a legal action filed under Title 1, 2, 4, or 5, Family Code, or an application for a protective order under Subchapter A, Chapter 7B, Code of Criminal Procedure;

(7)　a legal action brought under Chapter 17, Business & Commerce Code, other than an action governed by Section 17.49(a) of that chapter;

(8)　a legal action in which a moving party raises a defense pursuant to Section 160.010, Occupations Code, Section 161.033, Health and Safety Code, or the Health Care Quality Improvement Act of 1986 (42 U.S.C. 11101 et seq.);

(9)　an　eviction　suit　brought　under　Chapter　24, Property Code;

(10)　a disciplinary action or disciplinary proceeding brought under Chapter 81, Government Code, or the Texas Rules of Disciplinary Procedure;

(11)　a　legal　action　brought　under　Chapter　554, Government Code;

(12)　a legal action based on a common law fraud claim; or

(13)　a legal malpractice claim brought by a client or former client.

(b)　Notwithstanding Subsections (a)(2), (7), and (12), this chapter applies to:

(1)　a legal action against a person arising from any act of that person, whether public or private, related to the gathering, receiving, posting, or processing of information for communication to the public, whether or not the information is actually　communicated　to　the　public,　for　the　creation, dissemination, exhibition, or advertisement or other similar promotion　of　a　dramatic,　literary,　musical,　political, journalistic, or otherwise artistic work, including audio-visual work regardless of the means of distribution, a motion picture, a television　or　radio　program,　or　an　article　published　in　a newspaper, website, magazine, or other platform, no matter the

9

method or extent of distribution; and

(2)  a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses.

(c)  This chapter applies to a legal action against a victim or alleged victim of family violence or dating violence as defined in Chapter 71, Family Code, or an offense under Chapter 20, 20A, 21, or 22, Penal Code, based on or in response to a public or private communication.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 3, eff. June 14, 2013.

Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 9, eff. September 1, 2019.

Acts 2021, 87th Leg., R.S., Ch. 915 (H.B. 3607), Sec. 3.001, eff. September 1, 2021.

Acts 2023, 88th Leg., R.S., Ch. 804 (H.B. 527), Sec. 1, eff. September 1, 2023.


Sec. 27.011.  CONSTRUCTION.   (a)  This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.

(b)  This chapter shall be construed liberally to effectuate its purpose and intent fully.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

CIVIL PRACTICE AND REMEDIES CODE
TITLE 4. LIABILITY IN TORT
CHAPTER 73. LIBEL


SUBCHAPTER A.  GENERAL PROVISIONS


Sec. 73.001.  ELEMENTS OF LIBEL.  A libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.
Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 73.002.  PRIVILEGED MATTERS.  (a)  The publication by a newspaper or other periodical of a matter covered by this section is privileged and is not a ground for a libel action.  This privilege does not extend to the republication of a matter if it is proved that the matter was republished with actual malice after it had ceased to be of public concern.
(b)  This section applies to:
(1)  a fair, true, and impartial account of:
(A)  a judicial proceeding, unless the court has prohibited publication of a matter because in its judgment the interests of justice demand that the matter not be published;
(B)  an official proceeding, other than a judicial proceeding, to administer the law;
(C)  an executive or legislative proceeding (including a proceeding of a legislative committee), a proceeding in or before a managing board of an educational or eleemosynary institution supported from the public revenue, of the governing body of a city or town, of a county commissioners court, and of a public school board or a report of or debate and statements made in any of those proceedings;  or
(D)  the proceedings of a public meeting dealing

1

with a public purpose, including statements and discussion at the meeting or other matters of public concern occurring at the meeting; and

(2) reasonable and fair comment on or criticism of an official act of a public official or other matter of public concern published for general information.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 73.003. MITIGATING FACTORS. (a) To determine the extent and source of actual damages and to mitigate exemplary damages, the defendant in a libel action may give evidence of the following matters if they have been specially pleaded:

(1) all material facts and circumstances surrounding the claim for damages and defenses to the claim;

(2) all facts and circumstances under which the libelous publication was made; and

(3) any public apology, correction, or retraction of the libelous matter made and published by the defendant.

(b) To mitigate exemplary damages, the defendant in a libel action may give evidence of the intention with which the libelous publication was made if the matter has been specially pleaded.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 73.004. LIABILITY OF BROADCASTER. (a) A broadcaster is not liable in damages for a defamatory statement published or uttered in or as a part of a radio or television broadcast by one other than the broadcaster unless the complaining party proves that the broadcaster failed to exercise due care to prevent the publication or utterance of the statement in the broadcast.

(b) In this section, "broadcaster" means an owner, licensee, or operator of a radio or television station or network of stations and the agents and employees of the owner, licensee, or operator.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 73.005. TRUTH A DEFENSE. (a) The truth of the statement in the publication on which an action for libel is based

is a defense to the action.

(b) In an action brought against a newspaper or other periodical or broadcaster, the defense described by Subsection (a) applies to an accurate reporting of allegations made by a third party regarding a matter of public concern.

(c) This section does not abrogate or lessen any other remedy, right, cause of action, defense, immunity, or privilege available under the Constitution of the United States or this state or as provided by any statute, case, or common law or rule.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Amended by:

Acts 2015, 84th Leg., R.S., Ch. 191 (S.B. 627), Sec. 1, eff. May 28, 2015.


Sec. 73.006.  OTHER DEFENSES.  This chapter does not affect the existence of common law, statutory law, or other defenses to libel.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


SUBCHAPTER B.  CORRECTION, CLARIFICATION, OR RETRACTION BY PUBLISHER


Sec. 73.051.  SHORT TITLE.  This subchapter may be cited as the Defamation Mitigation Act.  This subchapter shall be liberally construed.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.052.  PURPOSE.  The purpose of this subchapter is to provide a method for a person who has been defamed by a publication or broadcast to mitigate any perceived damage or injury.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.053.  DEFINITION. In this subchapter, "person" means an individual, corporation, business trust, estate, trust, partnership, association, joint venture, or other legal or

3

commercial entity. The term does not include a government or governmental subdivision, agency, or instrumentality.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.054. APPLICABILITY. (a) This subchapter applies to a claim for relief, however characterized, from damages arising out of harm to personal reputation caused by the false content of a publication.

(b) This subchapter applies to all publications, including writings, broadcasts, oral communications, electronic transmissions, or other forms of transmitting information.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.055. REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION. (a) A person may maintain an action for defamation only if:

(1) the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant; or

(2) the defendant has made a correction, clarification, or retraction.

(b) A request for a correction, clarification, or retraction is timely if made during the period of limitation for commencement of an action for defamation.

(c) If not later than the 90th day after receiving knowledge of the publication, the person does not request a correction, clarification, or retraction, the person may not recover exemplary damages.

(d) A request for a correction, clarification, or retraction is sufficient if it:

(1) is served on the publisher;

(2) is made in writing, reasonably identifies the person making the request, and is signed by the individual claiming to have been defamed or by the person's authorized attorney or agent;

(3)　states with particularity the statement alleged to be false and defamatory and, to the extent known, the time and place of publication;

(4)　alleges the defamatory meaning of the statement; and

(5)　specifies the circumstances causing a defamatory meaning of the statement if it arises from something other than the express language of the publication.

(e)　A period of limitation for commencement of an action under this section is tolled during the period allowed by Sections 73.056 and 73.057.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.056.　DISCLOSURE OF EVIDENCE OF FALSITY.　(a)　A person who has been requested to make a correction, clarification, or retraction may ask the person making the request to provide reasonably available information regarding the falsity of the allegedly defamatory statement not later than the 30th day after the date the person receives the request. Any information requested under this section must be provided by the person seeking the correction, clarification, or retraction not later than the 30th day after the date the person receives the request.

(b)　If a correction, clarification, or retraction is not made, a person who, without good cause, fails to disclose the information requested under Subsection (a) may not recover exemplary damages, unless the publication was made with actual malice.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.057.　TIMELY　AND　SUFFICIENT　CORRECTION, CLARIFICATION, OR RETRACTION.　(a)　A correction, clarification, or retraction is timely if it is made not later than the 30th day after receipt of:

(1)　the request for the correction, clarification, or retraction; or

(2) the information requested under Section 73.056(a).

(b) A correction, clarification, or retraction is sufficient if it is published in the same manner and medium as the original publication or, if that is not possible, with a prominence and in a manner and medium reasonably likely to reach substantially the same audience as the publication complained of and:

(1) is publication of an acknowledgment that the statement specified as false and defamatory is erroneous;

(2) is an allegation that the defamatory meaning arises from other than the express language of the publication and the publisher disclaims an intent to communicate that meaning or to assert its truth;

(3) is a statement attributed to another person whom the publisher identifies and the publisher disclaims an intent to assert the truth of the statement; or

(4) is publication of the requestor's statement of the facts, as set forth in a request for correction, clarification, or retraction, or a fair summary of the statement, exclusive of any portion that is defamatory of another, obscene, or otherwise improper for publication.

(c) If a request for correction, clarification, or retraction has specified two or more statements as false and defamatory, the correction, clarification, or retraction may deal with the statements individually in any manner provided by Subsection (b).

(d) Except as provided by Subsection (e), a correction, clarification, or retraction is published with a prominence and in a manner and medium reasonably likely to reach substantially the same audience as the publication complained of if:

(1) it is published in a later issue, edition, or broadcast of the original publication;

(2) publication is in the next practicable issue, edition, or broadcast of the original publication because the publication will not be published within the time limits established for a timely correction, clarification, or retraction; or

6

(3)  the original publication no longer exists and if the correction, clarification, or retraction is published in the newspaper with the largest general circulation in the region in which the original publication was distributed.

(e)  If the original publication was on the Internet, a correction, clarification, or retraction is published with a prominence and in a manner and medium reasonably likely to reach substantially the same audience as the publication complained of if the publisher appends to the original publication the correction, clarification, or retraction.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.058.  CHALLENGES TO CORRECTION, CLARIFICATION, OR RETRACTION OR TO REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION. (a)  If a defendant in an action under this subchapter intends to rely on a timely and sufficient correction, clarification, or retraction, the defendant's intention to do so, and the correction, clarification, or retraction relied on, must be stated in a notice served on the plaintiff on the later of:

(1)  the 60th day after service of the citation; or

(2)  the 10th day after the date the correction, clarification, or retraction is made.

(b)  A correction, clarification, or retraction is timely and sufficient unless the plaintiff challenges the timeliness or sufficiency not later than the 20th day after the date notice under Subsection (a) is served.  If a plaintiff challenges the timeliness or sufficiency, the plaintiff must state the challenge in a motion to declare the correction, clarification, or retraction untimely or insufficient served not later than the 30th day after the date notice under Subsection (a) is served on the plaintiff or the 30th day after the date the correction, clarification, or retraction is made, whichever is later.

(c)  If a defendant intends to challenge the sufficiency or timeliness of a request for a correction, clarification, or retraction, the defendant must state the challenge in a motion to declare the request insufficient or untimely served not later than

7

the 60th day after the date of service of the citation.

(d) Unless there is a reasonable dispute regarding the actual contents of the request for correction, clarification, or retraction, the sufficiency and timeliness of a request for correction, clarification, or retraction is a question of law. At the earliest appropriate time before trial, the court shall rule, as a matter of law, whether the request for correction, clarification, or retraction meets the requirements of this subchapter.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.059. EFFECT OF CORRECTION, CLARIFICATION, OR RETRACTION. If a correction, clarification, or retraction is made in accordance with this subchapter, regardless of whether the person claiming harm made a request, a person may not recover exemplary damages unless the publication was made with actual malice.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.060. SCOPE OF PROTECTION. A timely and sufficient correction, clarification, or retraction made by a person responsible for a publication constitutes a correction, clarification, or retraction made by all persons responsible for that publication but does not extend to an entity that republished the information.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.


Sec. 73.061. ADMISSIBILITY OF EVIDENCE OF CORRECTION, CLARIFICATION, OR RETRACTION. (a) A request for a correction, clarification, or retraction, the contents of the request, and the acceptance or refusal of the request are not admissible evidence at a trial.

(b) The fact that a correction, clarification, or retraction was made and the contents of the correction,

clarification, or retraction are not admissible in evidence at trial except in mitigation of damages under Section 73.003(a)(3). If a correction, clarification, or retraction is received into evidence, the request for the correction, clarification, or retraction may also be received into evidence.

(c) The fact that an offer of a correction, clarification, or retraction was made and the contents of the offer, and the fact that the correction, clarification, or retraction was refused, are not admissible in evidence at trial.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.

Sec. 73.062. ABATEMENT. (a) A person against whom a suit is pending who does not receive a written request for a correction, clarification, or retraction, as required by Section 73.055, may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the suit is pending.

(b) A suit is automatically abated, in its entirety, without the order of the court, beginning on the 11th day after the date a plea in abatement is filed under Subsection (a) if the plea in abatement:

(1) is verified and alleges that the person against whom the suit is pending did not receive the written request as required by Section 73.055; and

(2) is not controverted in an affidavit filed by the person bringing the claim before the 11th day after the date on which the plea in abatement is filed.

(c) An abatement under Subsection (b) continues until the 60th day after the date that the written request is served or a later date agreed to by the parties. If a controverting affidavit is filed under Subsection (b)(2), a hearing on the plea in abatement will take place as soon as practical considering the court's docket.

(d) All statutory and judicial deadlines under the Texas Rules of Civil Procedure relating to a suit abated under Subsection (b), other than those provided in this section, will be stayed

during the pendency of the abatement period under this section.

Added by Acts 2013, 83rd Leg., R.S., Ch. 950 (H.B. 1759), Sec. 2, eff. June 14, 2013.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Natalie Jordan on behalf of Lewis Wood
Bar No. 24076785
natalie@lineofdutylaw.com
Envelope ID: 109677655
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Appellee Even Zwerneman, Individually and EZ Stay and Play, LLC
Status as of 1/5/2026 8:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan Bleil | | bleil@charter.net | 1/5/2026 5:32:08 PM | SENT |
| Susan Bleil | | bleil@charter.net | 1/5/2026 5:32:08 PM | SENT |
| Tiffany CrouchBartlett | | tiffany@crouchbartlettlaw.com | 1/5/2026 5:32:08 PM | SENT |
| Tiffany CrouchBartlett | | tiffany@crouchbartlettlaw.com | 1/5/2026 5:32:08 PM | SENT |
| Randall E.Turner | | Randy@randyturner.com | 1/5/2026 5:32:08 PM | SENT |
| Randall E.Turner | | Randy@randyturner.com | 1/5/2026 5:32:08 PM | SENT |
| James Wood | | contact@lineofdutylaw.com | 1/5/2026 5:32:08 PM | SENT |
| Nicole Regan | | nicole@lineofdutylaw.com | 1/5/2026 5:32:08 PM | SENT |
| Natalie Jordan | | natalie@lineofdutylaw.com | 1/5/2026 5:32:08 PM | SENT |
| Denise Cavazos | | denise@lineofdutylaw.com | 1/5/2026 5:32:08 PM | SENT |
| Lewis JamesWood | | james@lineofdutylaw.com | 1/5/2026 5:32:08 PM | SENT |